UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001  :
: 
:       **AFFIDAVIT OF DENNIS G.**
:       **PANTAZIS, ESQ. IN SUPPORT**
:       **OF APPLICATION FOR**
:       **CERTIFICATE OF DEFAULT**
:
:       **1:03 MDL 1570 (GBD)(SN)**
:
-----------------------------------------------------------------X

**This Document Relates to**
*Maher, et al. v. Iran, et al.*
**1:20-cv-00266 (GBD)(SN)**

      I, DENNIS G. PANTAZIS, ESQ., counsel for the *Maher* Plaintiffs[1], hereby submit this Affidavit in Support of an Application for a Clerk's Certificate of Default and state, in support thereof, the following:

      1.    The Defendants upon which the *Maher* Plaintiffs seek a Clerk's Certificate of Default are the following: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; (8) Central Bank of the Islamic Republic of Iran; (9) National Iranian Oil Company; (10) National Iranian Tanker Company; (11) National Iranian Gas Company; (12) National Iranian Petrochemical Company; (13) Iran Airlines; (14) Hezbollah; (15) Ayatollah Ali Hoseini-Khamenei; and, (16) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased. The *Maher* Plaintiffs are proceeding against Defendants Ayatollah Ali

---

[1] The *Maher* Plaintiffs' case was formerly captioned "*Ryan, et al. v. Iran, et al.*" The caption was formally changed by Court order on June 28, 2023. *See Maher* Doc. No. 148 (no corresponding MDL docket entry).

Hoseini-Khamenei and the Estate of Ali Akbar Hashemi Rafsanjani, Deceased, only in their Government Official capacities, under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*, ("FSIA").

2. Pursuant to 28 U.S.C. § 1608(a), the *Maher* Foreign State and Political Subdivisions of a Foreign State Defendants (hereinafter, "Political Subdivision Defendants") are: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran.

3. Pursuant to 28 U.S.C. § 1608(b), the *Maher* Agency and Instrumentality of a Foreign State Defendants (hereinafter, the "Agency and Instrumentality Defendants") are: (1) National Iranian Oil Company; (2) National Iranian Tanker Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah; (7) Ayatollah Ali Hoseini-Khamenei; and, (8) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased.

4. None of the *Maher* Defendants are an infant, are serving in the United States Armed Forces, or are otherwise incompetent or unavailable.

5. The relevant pleadings documents were properly served on all *Maher* Defendants, first, in accordance with the provisions of the FSIA, by the Clerk of this Court, through the United States Postal Service to each Defendant in conformity with 28 U.S.C. §1608(a)(3) and (b)(3)(4), and, thereafter, through diplomatic channels by the United States Department of State, via the Foreign Interests Section of the Embassy of the Swiss Confederation in Tehran, Iran, all in conformity with the provision of 28 U.S.C. §1608 applicable to each *Maher* Defendant.

6. All of the *Maher* Defendants have failed to enter an appearance in this Court and have not filed any responsive pleading to the *Maher* Plaintiffs' Complaint, or any other pleading filed by the *Maher* Plaintiffs, as required by §1608(d) of the Foreign Sovereign Immunities Act, which governs this cause of action. *See* 28 U.S.C. §1608(d).

7. The *Maher* Defendants have been afforded more than sixty (60) days to file responses, yet have not appeared in that time.

**I.     Service by Mail Requiring a Signed Receipt Pursuant to §§ 1608(a)(3) and 1608(b)(3)(B).**

8. Copies of the *Maher* Complaint, dated January 10, 2020 (*Maher* Doc. No. 1), the Summons, dated January 13, 2020 (*Maher* Doc. No. 6) and Amended Summons, dated July 31, 2020 (*Maher* Doc. No. 17), Notice of Suit, a copy of the United States Foreign Sovereign Immunities Act, individual cover letters, and certified translations of each of these document in Farsi (hereinafter collectively, the *Maher* "Service Documents"), were attempted to be served on each of the sixteen (16) *Maher* Defendants via registered mail requesting return receipts through the United States Postal Service, dispatched by the SDNY Clerk of Court in conformity with 28 U.S.C. §§ 1608(a)(3) and 1608(b)(3)(B).

9. In March of 2021, counsel for the *Maher* Plaintiffs hand-delivered eight (8) packages containing the Service Documents - one for each *Maher* Political Subdivision Defendant - to the Foreign Mailings Clerk of Court for the Southern District of New York. The SDNY Clerk dispatched all eight (8) packages of *Maher* Service Documents to Tehran, Iran, via the United States Postal Service, pursuant to FSIA §1608(a)(3), on March 31, 2021 and April 2, 2021. The eight (8) *Maher* Political Subdivision Defendants were all served care of H.E. Mohammad Javad Zarif, then-Minister of Foreign Affairs, at the Ministry of Foreign Affairs of the Republic of Iran on Imam Khomeini Street in Tehran, Iran.

10. Further, counsel for the *Maher* Plaintiffs hand-delivered nine (9) additional packages containing the Service Documents (one for each *Maher* Agency and Instrumentality Defendant, plus a second Service Documents package directed to an alternate address for *Maher* Defendant the Central Bank of Iran) to the Foreign Mailings Clerk at the SDNY, who docketed and then dispatched all nine (9) packages containing the Service Documents to Tehran, Iran via the United States Postal Service, pursuant to FSIA §1608(b)(3)(B), on March 31, 2021 and April 2, 2021. The eight (8) *Maher* Agency and Instrumentality Defendants were all served at their respective corporate headquarters in Iran or at the Ministry of Foreign Affairs in Iran.

11. Clerk's Certificates of Mailing were entered on the *Maher* docket on March 31, 2021 and April 8, 2021 certifying that these sixteen (17) packages of Service Documents were sent by the SDNY Clerk's Office on March 31, 2021 and April 2, 2021 by registered U.S. Mail. *See Maher* Doc. Nos. 27-43; MDL Doc. Nos. 6688-6697; 6715-6721.

12. The *Maher* Plaintiffs did not receive any signed receipts for any of their USPS mailings to Iran. All seventeen (17) packages were returned to counsel for the *Maher* Plaintiffs marked as "Refused" by the addressee. All of the packages had been opened and two of the original envelopes were returned without any of their contents. *See* photograph of returned envelopes, attached hereto as **EXHIBIT A**.

**II.   Service by Diplomatic Process Pursuant to §§ 1608(a)(4) and 1608(b)(3).**
      **a.   Service on the *Maher* Political Subdivision Defendants.**

13. Because the USPS mailings were unsuccessful and the *Maher* Plaintiffs were unable to perfect service pursuant to 28 U.S.C. §1608(a)(3) or 28 U.S.C. §1608(b)(3)(B), the *Maher* Plaintiffs subsequently pursued diplomatic service "by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and

dispatched by the Clerk of the Court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services - and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. §1608(a)(4).

14. At the undersigned Affiant's request, on July 6, 2021, the SDNY Clerk of Court sent to the United States Department of State, via Federal Express, in separate packages, the *Maher* Service Documents to be served upon each of the eight (8) *Maher* Political Subdivision Defendants through diplomatic process pursuant to 28 U.S.C. §1608(a)(4). These *Maher* Service Documents packages were hand-delivered to the SDNY by counsel for Plaintiffs and were accompanied by separate cashiers' checks from Plaintiffs' counsel for the payment of the requisite State Department fees. The SDNY Clerk posted notices of these dispatches on the SDNY's *Maher* docket only on July 6, 2021. *Maher* Doc. Nos. 45-52.

15. The State Department, via the Foreign Interests Section of the Embassy of the Swiss Confederation in Tehran, Iran, attempted diplomatic service of the documents for all eight (8) *Maher* Political Subdivision Defendants on April 6, 2022. Such service of process was refused as to all eight (8) *Maher* Political Subdivision Defendants that same day. The State Department sent to the Clerk of this Court a letter so stating, together with the Special Authentication Certificates (*a/k/a* "diplomatic notes") demonstrating that such diplomatic service was attempted in accordance with the FSIA and rejected by the *Maher* Political Subdivision Defendants. *See* Clerk's Certificates of the State Departments' diplomatic service attempts on the SDNY docket, dated May 25, 2022; *Maher* Doc. Nos. 91-97; MDL Doc. Nos. 8045-8051.

(The diplomatic notes for the *Maher* Political Subdivision Defendants are attached hereto as EXHIBIT B.)

  **b.**  **Service on the *Maher* Agency and Instrumentality Defendants.**

  16. The *Maher* Plaintiffs moved for Letters Rogatory on October 5, 2021, to enable the United States Department of State to serve the *Maher* Agency and Instrumentality Defendants (*Maher* Doc. No. 59, MDL Doc. No. 7171). The Letters Rogatory were granted on October 5, 2021 (*See Maher* Doc. No. 60) and were issued the next day.

  17. On December 8, 2021, Magistrate Judge Netburn issued an order (*Maher* Doc. No. 73, MDL Doc. No. 7440) stating that the United States Supreme Court, in <u>Samantar v. Yousuf</u>, 560 U.S. 305 (2010), had held that the FSIA governs only claims brought against foreign states, not foreign officials (*citing* <u>Strange v. Islamic Republic of Iran</u>, No. 14-cv-435 (CKK), 2016 WL 10770678, at *5 (D.D.C. May 6, 2016)). Magistrate Netburn required the *Maher* Plaintiffs to file a supplemental letter indicating, *inter alia*, if the *Maher* Plaintiffs intend to seek damages directly from Defendant Ayatollah Ali Hoseini-Khamenei and Defendant the Estate of Ali Akbar Hashemi Rafsanjani, Deceased in their personal capacities. On December 21, 2021 and June 28, 2022, the *Maher* Plaintiffs responded their intent to proceed pursuing a default judgment in this action against these two individual Defendants only in their Government Official capacities, under the FSIA. *Maher* Doc. Nos. 76 and 98, MDL Doc. No. 8153.

  18. Counsel for the *Maher* Plaintiffs hand-delivered all of the final *Maher* Service Documents for the *Maher* Agency and Instrumentality Defendants to the SDNY in early June of 2022, along with the letters rogatory and certified translations thereof. The SDNY Clerk declined to "docket and dispatch" the final set of *Maher* documents to the State Department for diplomatic service due to a change in their procedures. The *Maher* Plaintiffs moved the Court to

order the Clerk to record the *Maher* diplomatic service on the docket on June 28, 2022 (*Maher* Doc. No. 99; MDL Doc. No. 8155).

19. Thereafter, Judge Netburn issued two (2) orders clarifying the new procedures for *Maher* service on Iranian Agency and Instrumentality Defendants. On June 30, 2022, Magistrate Judge Netburn granted our motion and "respectfully directed [the SDNY Clerk] to dispatch the letters rogatory previously issued by this Court, Complaint, Summons, Notice of Suit, a copy of the text of the FSIA, Farsi translations of each document, and certificates of translation and an individual cover letter for each Defendant, provided by Plaintiffs; counsel, to the United States Department of State for diplomatic service on each [*Maher* Agency and Instrumentality Defendant]. This shall be done according to the procedures for service on a foreign state or political subdivision set out in 28 U.S.C. § 1608(a)(4). The Clerk of the Court is further respectfully directed to record dispatching these materials on the docket." *Maher* Doc. No. 101; MDL Doc. No. 8163.

20. On July 15, 2022, Magistrate Judge Netburn then clarified her earlier orders and modified the process by which 28 U.S.C. § 1608(b) Agency and Instrumentality defendants are to now be served. The Clerk of Court is still directed to docket and dispatch all of the *Maher* Service Documents, but the Court now requires plaintiffs' counsel to send the letters rogatory directly to the State Department. *Maher* Doc. No. 103; MDL Doc. No. 8217.

21. The *Maher* Agency and Instrumentality Defendants' Service Documents were docketed and dispatched to the State Department by the SDNY Clerk on July 22, 2022. Eight (8) Certificates of Mailing were docketed by the Clerk on July 22, 2022 on the *Maher* docket only. *Maher* Doc. Nos. 103-111.

7

22. Counsel for the *Maher* Plaintiffs sent the eight (8) sets of letters rogatory, with certified translations of each, directly to the State Department via Federal Express in accordance with Magistrate Netburn's new orders on July 30, 2022. Service of the Service Documents on the eight (8) *Maher* Agency and Instrumentality Defendants through diplomatic channels was attempted and was immediately refused on January 7, 2023. *See* Special Authentication Certificates from Federal Department of Foreign Affairs of the Confederation of Switzerland, dated January 30, 2023, attesting to delivery attempts on January 7, 2023, attached hereto as **EXHIBIT C**. *See also,* SDNY Clerk Certificates of attempted service, on *Maher* Doc., dated March 2, 2023, without docket numbers.

23. Service of the *Maher* pleadings on all *Maher* Defendants is now complete.

24. Therefore, the Affiant respectfully requests that a Certificate of Default be issued by the Clerk of Court as to all *Maher* Defendants.

**FURTHER THE AFFIANT SAYETH NOT.**

This Affidavit is comprised of twenty-four (24) separately numbered paragraphs.

I, DENNIS G. PANTAZIS, being duly sworn, do hereby swear and affirm under penalty of perjury that the contents of this Affidavit are true and correct to the best of my knowledge, information, and belief.

Date: November 7, 2023

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500

Sworn to before me this 7th day of November 2023, in Birmingham, Alabama.

NOTARY PUBLIC
My Commission Expires: 8/30/2026

(SEAL)